UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

RODNEY NICKELSON,

        Petitioner,        2:13-cv-00291-CL

        v.                FINDINGS AND
                         RECOMMENDATION

DON MILLS,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a judgment from the Marion County Circuit Court after convictions for two counts of Sodomy in the First Degree and two counts of Sexual Abuse in the First Degree. Exhibit 101. Following a bench trial petitioner was sentenced to a total of 400 months imprisonment.

    Petitioner appealed his convictions but subsequently moved to

1 - FINDINGS & RECOMMENDATIONS -

dismiss the appeal. Exhibit 105.

Petitioner filed a petition for post-conviction relief but the Umatilla County Circuit Court denied relief, Exhibit 118. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Exhibit 119 - 123.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254, alleging fourteen claims for relief. Petition (#2).

Respondent argues that relief should be denied on Claims 1(B), 2(A)-(B), 3, 5, 6(A_)-(B), 7, 8(B)-(E), and 9-14 because these claims were not fairly presented to Oregon's appellate courts and are now procedurally defaulted. Respondent contends that petitioner's claims alleged in Claims 1(A), 2(C), 4, 6(A) and 8(A) were denied in state court decisions that were neither "contrary to," nor "unreasonable applications of," United States Supreme Court precedent and are entitled to deference by this court and correct on the merits. Response (#16) p. 1-2.

The sordid facts giving rise to petitioner's convictions are set forth in the record, are not controverted by petitioner[1] and need not be repeated in detail. In short, petitioner's charges arose from sexually abusing his daughter when she was five and six-

---

[1] Petitioner has not filed a reply to Respondent's Response or a brief in support of his petition.

2 - FINDINGS & RECOMMENDATIONS -

years old.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992); Picard v. Connor, 404 U.S. 270, 275-76 (1971) If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, a habeas petitioner must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1966); see also, Baldwin v. Reese, 541 U.S. 27, 32 (2004) and Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005).

Furthermore, the petitioner must have presented their federal claim to the state courts in a procedural context in which the claims merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to the state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994); Turner v.

3  -  FINDINGS & RECOMMENDATIONS -

Accordingly, a claim is "fairly presented" to the state courts only if it was properly presented to (1) the state's Supreme Court, (2) as a federal question, (3) in the correct petition or brief, and (4) in a proper procedural context so that its merits will be considered..

If a petitioner has failed to present a federal constitutional claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if a petitioner can "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if a petitioner shows that the procedural default "worked to [petitioner's] actual

and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S. 538, 559 (1998).

Petitioner has identified six issues which he characterizes as "unpreserved issues for reversal" (Claims 9 - 14) which he acknowledges have not been "brought before the lower state courts to be considered." Petition (#2) p. 39. In addition, petitioner did not "fairly present" the federal issues alleged in Claims 1(b), 2(A)-(B), 3, 5, 6(A)-(B), 7 and 8(B)-(E)[2] to the Oregon post conviction court and the Oregon Supreme Court.

Plaintiff is now barred under Oregon law from filing any additional appeals or PCR proceedings[3] and is thus unable to

---

[2] The court has relied on the numbering of petitioner's claims as identified in Attachment 1 to respondent's Response (#16)

[3] ORS 138 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires that PCR appeals be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to the Oregon Supreme Court be filed within 35

5 - FINDINGS & RECOMMENDATIONS -

"fairly present" any additional claims to the Oregon Courts.

Petitioner has not established any cause and prejudice for his procedural default or established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement. Therefore, Claims 1(B), 2(A)-(B), 3, 5, 6(A)-(B), 7, and 8(B)-(E), and the "unpreserved issues for reversal" (Claims 9 - 14) should be denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694).

---

days from the date of the Court of Appeals' decision. *See also*, ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

7  -  FINDINGS & RECOMMENDATIONS -

The first prong of the Strickland test requires the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness." Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

Respondent concedes that petitioner "appears to have exhausted his available state court remedies for Claims 1(A), 2(C), and 8(A)." Response (#16) p. 12. Respondent argues regarding petitioner's Claim 4 and Claim 6(A). These claims are either ineffective assistance of counsel claims controlled by Strickland v. Washington, 466 U.S. 668 (1984), or a challenge to the *Balfour* brief system controlled by Anders v. California, 386 U.S. 738

8 - FINDINGS & RECOMMENDATIONS -

(1976). Respondent argues that the "state post-conviction trial court offered the last reasoned opinion on" these exhausted claims and that the "post-conviction court's denial of petitioner's claims were correct" and neither "contrary to," nor "an unreasonable application of *Strickland* or *Anders*.

In Claim 6(A) petitioner alleges that his attorney was ineffective for failing to move to suppress petitioner's statements while he was at the Salem Psychiatric Unit after attempting to commit suicide. The post-conviction court found that petitioner had failed to meet his burden of establishing that counsel was ineffective and that petitioner was prejudiced.

The post conviction-court's decision is supported by the record. First, petitioner failed to identify what evidence his attorney should have presented to challenge petitioner's competency and failed to show that suppression of the statements would have been granted. *See*, New v. Armenakis, 156 Or App 24, 29 (1998); Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001).; *see also*, Tinsley v. Million, 399 F3d 796 (6th Cir. 2005).

In addition, petitioner has not presented any evidence to establish that he was impaired. Detective Bamford, who took petitioner's statement testified that he did not observe any sign of impairment. Exhibit 103, p. 80. Petitioner never told his attorney that he did not understand what he was doing when he spoke

9 - FINDINGS & RECOMMENDATIONS -

to Bamford, and counsel was of the opinion that petitioner was not "frail or emotionally distraught." Exhibit 112, ¶ 6.

Under these circumstances, the post-conviction court's finding that counsel was not deficient for failing to move to suppress the statements was not an unreasonable application of *Strickland* and is entitled to deference.

In Claim 2C, petitioner alleges that trial counsel was ineffective for failing to obtain his suicide notes. The post-conviction court correctly denied this claim on the basis that the suicide notes were not presented to the post-conviction court so petitioner failed to show prejudice. Exhibit 117, p. 18. ["You've got to produce it to show what it would have been. You can't do that for whatever reason, so that fails. The suicide note is the same issue. ... So there just isn't any proof. It's just not there to sustain any of the claims."].

The PCR court ruing correctly applied *Strickland*, and correctly found that since petitioner had not proven the contents of the notes he had failed to demonstrate how he was prejudiced by counsel's failure to introduce them into evidence. *See*, New, 156 Or App at 29; Wildman, 261 F.3d at 839; Tinsley, 399 F.3d at 810.

In Claim 8(A) petitioner alleges that counsel was ineffective for failing to obtain copies of recordings of phone calls petitioner made from jail.

10  -  FINDINGS & RECOMMENDATIONS -

Petitioner argued to the state post-conviction court that the calls would have proved that his wife had threatened to do "anything" to put petitioner in prison. The PCR court's decision that petitioner's claim did not merit relief is not an unreasonable application fo *Strickland* because petitioner never told his attorney about any such call. Exhibit 112 ¶12. The reasonableness of counsel's investigation depends on information provided by the defendant. *Strickland*, 466 U.S. 691. It is not below the reasonable standard of care to fail to independently discover what is in the petitioner's own knowledge. Langford v. Day, 102 F.3d 1551, 1558 (9th Cir. 1996); Hensley v. Crist, 67 F.3d 181, 186 (9th Cir. 1995).

In addition, petitioner did not produce evidence of the calls to the post-conviction court, and thus for the reasons discussed above, failed to establish prejudice.

Petitioner alleges in Claim 4 that his due process rights were violated "in regards to Oregon's *Balfour* brief system."

Oregon's *Balfour* system allows an appointed attorney to continue representing a client even when the attorney believes there are no meritorious issues on appeal. State v. Balfour, 311 Or 434 (1991). If, after throughly reviewing the record, counsel determines that there are no meritorious issues for appeal, they still "must seek to provide the active advocacy demanded by

11  -  FINDINGS & RECOMMENDATIONS -

*Anders.*" Id, at 451. The attorney can accomplish this by filing a brief with two sections, A and B. Section A is to be written by the attorney and contain a statement of the case "sufficient to apprise the court of the jurisdictional basis of the appeal." Id. If the client seeks to raise issues the lawyer believes to be frivolous, the client is then to write a Section B explaining those issues. Id. at 452. The attorney signs Section A while only the client signs Section B. This format does not constitute advancing a frivolous claim. Id. This process complies with the Supreme Court precedent set forth in Anders v. California, 386 U.S. 738 (1967), and is not unconstitutional. Petitioner's claim 4 should be denied.

In Claim 6(A) petitioner alleges that his attorney was ineffective for "failing to determine or advise on the trial judge's affiliation with Liberty House, a child abuse assessment center." The post-conviction record concerning this claim is somewhat confusing, and I found above that petitioner failed to "fairly present" this claim to the Oregon courts.

However, assuming *arguendo* that the claim was fairly presented and exhausted, I find that the state court's denial of the claim was not an unreasonable application of *Strickland*. The judge disclosed her affiliation with Liberty House, and counsel discussed the affiliation with petitioner. Exhibit 112 ¶2. The PCR court

12 - FINDINGS & RECOMMENDATIONS -

found that the trial judge did disclose her affiliation but that even if "you assume for the sake of argument it wasn't, there is nothing to prove any kind of bias or prejudice." Exhibit 117, p. 17.

As discussed above, it is petitioner's burden to establish facts demonstrating prejudice resulting from counsel's alleged deficiency. The record supports the PCR court's finding that petitioner failed to do so and that the court's decision was not an unreasonable application of *Strickland*.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of the Court should be directed to enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u>

13  -  FINDINGS & RECOMMENDATIONS -

consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this 13 day of April, 2015.

Mark D. Clarke
United States Magistrate Judge

14  -  FINDINGS & RECOMMENDATIONS -